# Fritz Christian Boettcher, Plaintiff in Error, v. Schleswig-Holsteiner Gegenseitiger Unterstuetzungs Verein, Defendant in Error.

## Gen. No. 19,669.

INSURANCE, § 827*—*when member's attempted change of beneficiary not binding on society.* Where a benefit society, organized for the purpose of providing a decent burial of their dead, had no by-law relating to a change of beneficiaries or for a different designation in case of the death of the first-named beneficiary and a member after the death of his first-named beneficiary wrote in a book provided by the society that the death benefit should be paid to a friend, naming him, and the member then moved to Germany and from there wrote a letter to the society that in case of his death in Germany that the death benefit be paid to his brother there, *held* that the last attempted change of beneficiary was not binding on the society; that the letter did not attempt to cancel the previous designation, and at most only notified the society that if the member should die in Germany he would want the beneficiary changed.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914. Rehearing denied and additional opinion filed June 2, 1914.

GEORGE H. MASON, for plaintiff in error.

SILBER, ISAACS, SILBER & WOLEY, for defendant in error; MARTIN J. ISAACS, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Plaintiff in error brought an action in the Municipal Court of Chicago against the defendant in error on an instrument in writing dated April 21, 1909, by which Henry Boettcher, then deceased, designated the plaintiff in error as beneficiary of certain moneys payable by defendant in error upon his death. On the trial had in the Municipal Court before the court with-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

out a jury, the court found against the plaintiff in error and entered judgment against him for costs.

The record shows that the defendant in error Society is a corporation organized under a special charter granted by the State of Illinois by an Act approved March 10, 1869. The purpose of the Society, among other things as stated in its charter, is to provide for the decent burial of their dead.

Henry Boettcher, the deceased, became a member of the Society in 1875, and so remained until his death, May 23, 1909. The by-laws of the Society provide that in the event of the death of a member who has belonged to the Society more than one year, the survivors receive the sum of two hundred and fifty dollars for burial expenses.

The only provision of the by-laws with reference to designation of a beneficiary by the member is paragraph 5 of article 5 of the by-laws, which provides:

"Every new member shall, on the evening of his initiation, write the name of the person or persons to whom the Society is obliged to pay the death benefit on his death, in a book kept by the Society therefor."

The by-laws contain no provision for a change of beneficiaries, or for a different designation in case the first-named beneficiary should die. The Society provided the book mentioned in the by-laws, which is called its "Testament Book." On the night of his initiation, Henry Boettcher wrote his wife's name, "Frau Boettcher," in the testament book as his beneficiary. She afterwards died and thereafter, on February 1, 1908, he wrote in the testament book the following: "I wish that the death benefit should be paid to my friend Wilhelm Kuehl," and subscribed his name. Sometime afterwards, Henry Boettcher removed to Wandsbeck, Germany, and on April 21, 1909, signed a certain document which was mailed to and received by the Society shortly after its date. The document reads as follows:

"Worthy Officers and Members:

"I deem it my duty to make arrangements regarding the payment of the death benefit coming to me.

Boettcher v Schleswig-Holsteiner, etc., 187 Ill. App. 11.

I have, of course, made arrangements in the testament book of the Society, but these concern only the case if I die in America. In the event that I should die in Germany, I would like to have the following observed as my will. With my decease here, I order that the full death benefit be paid to my brother, Fritz Christian Boettcher, residing in Wandsbeck, Rennbahn Str. 81. This is my last Will, and I sign with a hearty brotherly greeting.''

Fritz Christian Boettcher, the plaintiff, paid the funeral expenses of his brother, and on May 26, 1909, wrote the Society giving notice of death and claiming the death benefit. The Society, by its secretary, acknowledged the notification and claim by letter in which it informed him that it could not at that time do anything in the matter; that information had been brought to the Society that the deceased had left a will which had not yet been opened, and ''what this contains I cannot tell you up to the present. As soon as the Society has knowledge thereof, we will give you the information.''

Subsequently, in response to another letter written by the plaintiff in error, the secretary wrote him under date of October 12, 1909, informing him that the Society had decided, in accordance with its constitution and by-laws, to pay out the burial money of his deceased brother to Wilhelm Kuehl. The record shows that the Society did pay the death benefit of two hundred and fifty dollars to Wilhelm Kuehl. The payment was made, however, after the Society had received the instrument above quoted.

The trial court held that the attempted change of beneficiary was void and found the issues and entered judgment against the plaintiff in error.

The instrument of designation, under which the plaintiff in error claims, construed in its most favorable light, does not attempt to cancel the previous designation made by the deceased in the testament book. The paper does not even purport or attempt to change beneficiaries; it at most notifies the defendant Society

that if the member should die in Germany he would want the beneficiary changed. We think it had no effect and that the trial court did not err in ignoring the designation to the plaintiff in error.

The judgment is affirmed.

*Affirmed.*

, Additional opinion on petition for rehearing.

It is urged in the petition for rehearing that the object of the insurance in question was for burial purposes. This does not affect the designation made. Without doubt such was the purpose, and Wilhelm Kuehl received the money, not as a gift, but impressed with a trust to use it or see that it was used to defray the burial expenses of Henry Boettcher. That trust, however, cannot be enforced in an action against plaintiff in error which paid the money in accordance with the designation made in pursuance of the by-laws.

*Rehearing denied.*